## Davis's Trust Estate.

*Inheritance transfer tax—Resident trustee—Deceased non-resident cestui que trust—Act of June 20, 1919.*

1. Stocks in Pennsylvania corporations held by a resident trustee under a deed of trust providing that the income should be paid to a non-resident settlor for life, and on his death the *corpus* turned over to his executors or legal representatives, on the death of the settlor are subject to the inheritance transfer tax of 2 per cent. imposed by the Act of June 20, 1919, P. L. 521.

2. Bonds and mortgages forming a part of the *corpus* are not liable to the tax.

3. The court will not award the tax to the Commonwealth unless the property has been duly appraised as prescribed by the act; in the absence of such appraisement, the court will direct the trustee to retain the fund until the appraisement has been made.

*Semble.* It is the duty of the trustee to apply to the Auditor General for an appraisement.

Adjudication of trustee's account. C. P. No. 3, Phila. Co., Sept. T., 1921, No. 8923.

Before McMichael and Ferguson, JJ.

*Saul, Ewing, Remick & Saul,* for accountant.

*J. Lee Patton,* for Auditor General, claiming inheritance transfer tax.

*David Wallerstein,* contra.

PER CURIAM, Feb. 10, 1922.—In this case the first and final account of the Land Title and Trust Company, trustee under the deed of trust of Clara E. Davis, now deceased, was filed on Nov. 22, 1921, The account shows a principal account of $41,250 and an income account amounting to $17,558.57; and on the creditor side of the account various items of credit, also a distribution account showing net income paid to Clara E. Davis during her life.

These securities were held by the Land Title and Trust Company under a deed of trust made by Clara E. Davis, which provided that, after deducting charges, including a commission of 4 per cent. on the income, the net income of the trust fund should be paid to or for the support and maintenance of Clara E. Davis during the time of her natural life, but that the income in the hands of the trustee should not be liable for her debts, contracts or engagements, or subject to assignment. The *corpus* of the trust estate, together with the net income in hand, was to be turned over to the executor of the will of Clara E. Davis or to her legal representatives. Mrs. Davis at the time of her death was a resident of the State of New York. She died Sept. 20, 1913.

There was presented before the court a claim of counsel for the Land Title and Trust Company, trustees, of $500 for legal services rendered by the firm of Saul, Ewing, Remick & Saul.

There was also presented a claim on behalf of the Commonwealth of Pennsylvania for a transfer tax at the rate of 2 per cent. on the net balance of principal passing to the Irving National Bank, executor of the estate of Clara E. Davis, deceased, with interest at the rate earned from Sept. 18, 1921, until Oct. 25, 1921, and at the rate of 12 per cent. per annum from Oct. 25, 1921, until the date of the payment of the tax.

There was also presented a claim of the Land Title and Trust Company for the sum of $102.90, being $10, cost of filing account, and $27.90, the cost of advertising same; 50 cents for affidavit to the account; $64.50 paid to Oliver Bair for funeral expenses here at the request of the New York executor.

This claim for taxes is made under the Act of June 20, 1919, P. L. 521, which is entitled "An act providing for the imposition and collection of

certain taxes upon the transfer of property passing from a decedent who was a resident of this Commonwealth at the time of his death, and of property within this Commonwealth of a decedent who was a non-resident of this Commonwealth at the time of his death, making it unlawful for any corporation of this Commonwealth, or national bank association located therein, to transfer the stock of such corporation or banking association standing in the name of any such decedent until the tax on the transfer thereof has been paid, and providing penalties, and citing certain acts for repeal."

The act is divided into several clauses, *inter alia:*

"(a) When the transfer is by will or by the intestate laws of this Commonwealth from any person dying seized or possessed of the property while a resident of the Commonwealth, whether the property be situated within this Commonwealth or elsewhere."

The *corpus* of the trust fund does not, in our opinion, come within this clause.

"(b) When the transfer is by will or intestate laws of real property within this Commonwealth, or of goods, wares or merchandise within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, and the decedent was a non-resident of the Commonwealth at the time of his death."

Tentatively we are of opinion that the stock of corporations of this Commonwealth included within this account is taxable under this clause of article 1. Upon inspection of the account we find that the stocks which would be subject to the tax are: Fifty shares of Equitable Illuminating Gas Light Company, preferred, par value $100, $5000; twenty-seven shares United Gas Improvement Company, par $50, $1350; three shares United Gas Improvement Company, new stock, par $50, $157.93; nine shares Real Estate Trust Company, preferred, $900. There does not seem to be any other security assessable under this clause of the act. The rest of the *corpus* of the estate consists of bonds and mortgages, and it does not seem, upon inspection of the act, that these are made liable to tax.

In our opinion, the stocks above enumerated are subject to the 2 per cent. transfer tax imposed by the Act of June 20, 1919, P. L. 521.

It would seem, however, that the parties interested should follow the provision of the Act of Assembly of June 20, 1919, P. L. 521, as to the appraisement of the tax. Section 25 of the act provides as follows: "Whenever the transfer is of property within the Commonwealth from a decedent who was a non-resident of the Commonwealth at the time of his death, the Auditor General, whenever the occasion may require, on the application of any interested party or upon his own motion, shall appoint an appraiser to appraise the value of such property hereinbefore subjected to tax. . . . He shall . . . make a fair, conscionable appraisement of said property. . .

"Section 27. Any person not satisfied with such appraisement . . . may appeal within thirty days to the Court of Common Pleas of Dauphin County."

There is nothing in the record to show that this has been done, and we, therefore, cannot make an award of the tax alleged to be due the Commonwealth.

In section 29 of the act it is provided: "Whenever any tax imposed by this act upon the transfer of property of a non-resident decedent in this Commonwealth shall have remained due and unpaid for one year, the Auditor General may apply to the Court of Common Pleas of Dauphin County, or any county in which such property may be situated, by bill or petition, to enforce the payment of the same, whereupon the court, having caused notice to be given to

1 D. & C.

the owner of the property subject to the tax, or to the executor, administrator or trustee of the decedent, and to other such parties as may be interested, shall proceed according to equity to make such decree or order for the payment of the tax out of such property as shall be just and proper.

"And the Auditor General is hereby further authorized and empowered to bring suit or suits in the name of the Commonwealth of Pennsylvania in any court of this Commonwealth or elsewhere for the recovery of any sum or sums due, owing or payable, for or on account of any tax imposed by the provisions of this act upon the transfer of the property within this Commonwealth of which a non-resident of the Commonwealth may have died seized or possessed, with costs of suit."

It has been agreed by counsel that a decree should be entered by the court that the trust fund shall be paid over to the executors, less $500 counsel fee, and that the sum of $1700 be retained by the Land Title and Trust Company, trustee, to await the determination of the claim made by the Commonwealth for the payment of the inheritance transfer tax under the Act of Assembly of the State of Pennsylvania of June 20, 1919, P. L. 521. We see no reason why this should not be done.

The court is of opinion that the stocks which are subject to the tax, viz., fifty shares of Equitable Illuminating Gas Light Company, preferred, par value $100, $5000; twenty-seven shares United Gas Improvement Company, par $50, $1350; three shares United Gas Improvement Company, new stock, par $50, $157.93; nine shares Real Estate Trust Company, preferred, $900, will also have to be retained by the Land Title and Trust Company, trustee, until the final adjudication of the amount of the tax due by the trust estate.